**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fredrick Torrez, | No. CV-25-00206-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Midland Credit Management Incorporated, | |
| Defendant. | |

Pending before the Court are Plaintiff's Motion to Deem Requests for Admission Nos. 1, 2, and 5 Admitted (Doc. 31) and Plaintiff's Motion for Sanctions (Doc. 34). For the following reasons, both Motions will be denied.

## I.   Motion to Deem Requests for Admission Nos. 1, 2, and 5 Admitted

Plaintiff previously filed a Motion to Determine Sufficiency of Responses to Requests for Admission (Doc. 20), which this Court partially granted and partially denied (Doc. 27). The Court ordered Defendant to serve amended responses to Plaintiff's Requests for Admission ("RFAs") Nos. 1, 2, and 5. (Doc. 27 at 3-5, 10.) In the currently pending Motion, Plaintiff argues that Defendant's amended responses to RFAs Nos. 1, 2, and 5 remain deficient, and that the Court should accordingly deem RFAs Nos. 1, 2, and 5 admitted. (Doc. 31.) Defendant argues in response that its amended responses to RFAs Nos. 1, 2, and 5 are appropriate and sufficient, and that Plaintiff's Motion seeks to compel admissions on disputed statutory elements central to the merits of Plaintiff's claims, which Federal Rule of Civil Procedure 36 does not require. (Doc. 33.)

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Under Rule 36(a), a party may serve a written request to admit, for purposes of the pending action, the truth of any matters within the scope of discovery relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Although a party may request the admission of the application of law to fact, *id.*, requests for the admission of pure legal conclusions are impermissible, *Daniels v. G4S Secure Solutions USA, Inc.*, No. 8:20-cv-00283-JGB (JDEx), 2021 WL 3742039, at *10 (C.D. Cal. Jan. 4, 2021). The answering party must specifically deny any matter not admitted "or state in detail why the answering party cannot truthfully admit or deny" the matter. Fed. R. Civ. P. 36(a)(4). "[A] party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." *Asea, Inc.*, 669 F.2d at 1245. The requesting party "may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the Court finds that an answer does not comply with Rule 36, it "may order either that the matter is admitted or that an amended answer be served." *Id.*

Plaintiff's RFA No. 1 asks Defendant to admit that it is a debt collector as defined by 15 U.S.C. § 1692a(6). (Doc. 31-1 at 3.) Defendant's amended response admits that the principal purpose of its business is to collect debts, that it uses the mail to collect debts, and that "at times and in certain circumstances it is a 'debt collector' as defined" in § 1692a(6). (*Id.*) However, Defendant states that it cannot admit or deny that it was a "debt collector" as defined in § 1692a(6) with respect to this case, because it lacks sufficient information to admit or deny that "the obligation it attempted to collect from Plaintiff in this matter was a 'debt' as defined in 15 U.S.C. § 1692a(5)." (*Id.* at 3-4.) Defendant explains that it lacks sufficient information to admit or deny that Plaintiff incurred the obligation at issue "primarily for a personal, family, or household purpose." (*Id.* at 4.)

Section 1692a(5) defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." That definition of "debt' is incorporated into Section 1692a(6)'s definition of "debt collector." Defendant's amended response to RFA No. 1 includes a partial admission and a detailed explanation as to why Defendant cannot admit or deny that it is a debt collector as defined in Section 1692(a)(6) for purposes of this specific case, namely that Defendant lacks reasonable access to information regarding the purposes for which Plaintiff assumed the obligation at issue. Defendant's amended response complies with Rule 36, and the Court will deny Plaintiff's request to deem RFA No. 1 admitted.

Plaintiff's RFA No. 2 asks Defendant to admit that it communicated with Plaintiff regarding an alleged debt. (*Id.* at 4.) Defendant's amended response admits that Defendant communicated with Plaintiff regarding an outstanding debt owed by Plaintiff, but Defendant states that it lacks sufficient information to determine whether the obligation it attempted to collect was a "debt" as defined in 15 U.S.C. § 1692a(5). (*Id.*) Defendant's explanation for failing to fully admit or deny RFA No. 2 is sufficient, as Defendant lacks reasonable access to information regarding the purposes for which Plaintiff assumed the obligation at issue. Defendant's amended response complies with Rule 36, and the Court will deny Plaintiff's request to deem RFA No. 2 admitted.

Plaintiff's RFA No. 5 asks Defendant to admit that it is not in possession of any debt instrument signed by Plaintiff that evidences the alleged obligation. (*Id.* at 5.) Defendant's amended response admits that Defendant does not have an agreement bearing Plaintiff's handwritten signature but avers that Defendant possesses documents sufficient to substantiate the debt, Defendant's ownership of the same, and Plaintiff's obligation to pay. (*Id.*) Defendant objects to and denies any implication that a signed "debt instrument" was required. (*Id.*) To the extent Plaintiff is seeking Defendant to admit that a signed "debt instrument" is required under the Fair Debt Collection Practices Act, the request calls for the admission of a pure legal conclusion, which is impermissible under Rule 36. Defendant's amended response to RFA No. 5 complies with Rule 36, and the Court will

deny Plaintiff's request to deem RFA No. 5 admitted.

## II.    Motion for Sanctions

On January 21, 2026, Defendant filed a Motion for Extension of Deadlines, seeking a 30-day extension of the pending deadlines in the Court's Scheduling Order. (Doc. 28.) Defendant noted in the Motion that it had expended substantial time and resources responding to Plaintiff's extensive discovery requests and motions. (*Id.* at 2.) Defendant further averred that defense counsel underwent surgery in December 2025, with 2.5 weeks recovery time, and that the holiday season further impacted defense counsel's availability to advance discovery. (*Id.*) Finally, Defendant averred that it required additional time to complete discovery in light of the Court's Order requiring amended responses to Plaintiff's RFPs Nos. 1, 2, and 5. (*Id.* at 3.) The Court granted Defendant's Motion for Extension of Deadlines, finding good cause for the 30-day time extension requested. (Doc. 32.)

In his Motion for Sanctions, Plaintiff seeks sanctions against Defendant under Federal Rule of Civil Procedure 11, arguing that Defendant's Motion for Extension of Deadlines was frivolous and misleading, and that it was presented for the improper purpose of delay. (Doc. 34.) Plaintiff argues that the Motion for Extension of Deadlines failed to acknowledge that Defendant controlled the timing and substance of its discovery responses, that Plaintiff's Motions were necessitated by Defendant's deficient discovery responses, and that the Court had ruled on the cited Motions before the original discovery cut-off. (*Id.* at 3.) Plaintiff also complains that Defendant waited until two weeks before the original discovery cut-off to seek a stipulation to extend time, and Plaintiff argues that neither defense counsel's surgery nor the holiday season necessitated any delay in this case. (*Id.* at 3-5.)

Defendant argues that Plaintiff's Motion for Sanctions is procedurally improper because Federal Rule of Civil Procedure 11 expressly excludes discovery-related conduct from its scope; that the Motion for Sanctions is legally unsupported; and that the Motion is directly contradicted by the Court's prior ruling granting Defendant's Motion for Extension of Deadlines upon a finding of good cause. (Doc. 35.) Defendant asks the Court to deny

Plaintiff's Motion for Sanctions and award Defendant its reasonable attorneys' fees and costs incurred in responding to the Motion.  (*Id.* at 5.)

Rule 11(b) provides that, by presenting a written motion to the Court, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the motion is not being presented for any improper purpose, the legal contentions in the motion are nonfrivolous, the factual contentions have (or, if specifically so identified, likely will have) evidentiary support, and the denials of factual contentions are warranted.  *See* Fed. R. Civ. P. 11(b).  The Court may impose appropriate sanctions for a violation of Rule 11(b).  Fed. R. Civ. P. 11(c).  However, Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).

The Court finds that Defendant's Motion for Extension of Deadlines was brought under Rule 16(b)(4), which states that a scheduling order "may be modified only for good cause and with the judge's consent."   Accordingly, the Court is not convinced by Defendant's argument that Plaintiff's Motion for Sanctions is procedurally improper based on the exclusion in Rule 11(d) of discovery requests, responses, and objections, and motions under Rules 26 through 37.

However, the Court agrees with Defendant that Plaintiff's Motion for Sanctions is meritless.  This Court already found that Defendant established good cause for the modest 30-day time extension sought in its Motion for Extension of Deadlines. (Doc. 32.) Plaintiff has not shown that the Motion for Extension of Deadlines included any frivolous legal contentions or any factual contentions that lacked evidentiary support, and although the motion resulted in a modest extension of deadlines, Plaintiff has not shown that Defendant brought the Motion for the improper purpose of causing needless delay.

In light of Plaintiff's pro se status, the Court declines at this time to grant Defendant's request for an award of the fees and costs that Defendant incurred in responding to Plaintiff's Motion for Sanctions.  However, the Court warns Plaintiff that if he files another frivolous motion for sanctions in the future, the Court may require him to

reimburse Defendant for the fees and costs incurred in responding.

**IT IS ORDERED** that Plaintiff's Motion to Deem Requests for Admission Nos. 1, 2, and 5 Admitted (Doc. 31) and Plaintiff's Motion for Sanctions (Doc. 34) are **denied**.

Dated this 8th day of April, 2026.

Honorable Rosemary Márquez
United States District Judge