**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Fredrick Torrez,

Plaintiff,

v.

Midland Credit Management Incorporated,

Defendant.

No. CV-25-00206-TUC-RM

**ORDER**

Plaintiff Fredrick Torrez sues Defendant Midland Credit Management Incorporated, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5). (Doc. 1.) Pending before the Court are Motions for Summary Judgment filed by Plaintiff (Doc. 38) and Defendant (Doc. 43).

## I. Legal Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant fails to carry its initial burden of production, the nonmovant need

not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 251; *see also Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

At summary judgment, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In evaluating a motion for summary judgment, the court must "draw all reasonable inferences from the evidence" in favor of the non-movant. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002). If "the evidence yields conflicting inferences, summary judgment is improper, and the action must proceed to trial." *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## II. Background

Unless otherwise noted, there is no genuine dispute concerning the following facts.

Defendant mailed Plaintiff written communications in connection with its efforts to collect an alleged consumer debt. (Doc. 40 at 1 ¶ 1; Doc. 49 at 1 ¶ 1.) Two letters are at issue, the first dated May 29, 2024, and the second dated July 17, 2024. (Doc. 41-1 at 57, 63.) Both letters are labeled "Pre-Legal Notification." (*Id.*) Account details are provided in the top right corner of each letter, and underneath the account details, each letter states: "Attorney review may be the next step." (*Id.*) The body of each letter provides, in relevant part:

> Dear Fredrick,
>
> Our records indicate that you have requested that we cease communications. However, we are contacting you pursuant to 15 U.S.C. 1692c(c) to advise you we intend to invoke a specific remedy with regards to the above-referenced account. You are hereby notified that Midland Credit Management, ("MCM"), is now considering forwarding your account to an attorney in your state for possible litigation.
>
> **If your account is forwarded to an attorney, this may result in a lawsuit against you.**

(*Id.* (emphasis in original).) The letters also state that additional information may be requested in writing, including an account statement, a list of all prior owners of the account, and transfer information. (*Id.*)

Both letters were accompanied by a document titled "Midland's Pre-Legal/Legal Process," which lists five steps. (*Id.* at 60, 66.) The document states that in the first step, "Pre-Legal Review," Defendant "considers forwarding your account to an attorney in your state for possible litigation." (*Id.*) in the second step, "Legal Placement," an attorney representing Defendant "will evaluate your account." (*Id.*) The third step, "Lawsuit Commenced," states: "After appropriate legal review, an attorney in your state representing Midland may file a lawsuit, and you will be served with a copy." (*Id.*) In the fourth and fifth steps, the court considers the lawsuit, decides whether to enter a judgment, and Defendant pursues various legal options to ensure the judgment is paid. (*Id.*)

Plaintiff avers in a declaration that Defendant's letters caused him emotional distress for which he continues to seek counseling. (Doc. 41 at 4-5.) Plaintiff further avers that Defendant never filed a lawsuit against him in connection with the alleged debt. (*Id.* at 5.)

Defendant submits a declaration by Tom Leaver, Senior Director Data Analysis, concerning Defendant's collection processes. (Doc. 44-1.) Leaver avers that "[a]ccounts enter the pre-legal recovery channel based on system logic that evaluates factors of an account to determine eligibility." (*Id.* at 2 ¶ 3.) The recovery process "includes mailing a series of letters and/or other written communications to the consumer," and at the end of the process, "accounts will be referred to a law firm for legal review if the consumer does not resolve the account," unless an exception applies that "removes the account from the pre-legal recovery channel." (*Id.*) Because accounts that meet applicable criteria are eligible for referral to a law firm after the completion of the recovery process, "any statement or communication by [Defendant] that an account may be referred to an attorney for review is accurate." (*Id.* at 2-3 ¶ 9.) "[T]he fact that legal action is not ultimately taken on a particular account does not mean that such action was not considered or that the account was not eligible for review." (*Id.* at 3 ¶ 12.)

Plaintiff testified during his deposition that he believes Defendant did not intend to send his account to an attorney for review because Defendant did not follow up when he asked to speak to Defendant's attorney, and Defendant never filed a lawsuit against him. (Doc. 44-2 at 6-7.) Plaintiff further testified that he does not know whether his account was ever sent to an attorney for review, and he does not know Defendant's criteria for determining whether to pursue legal action on an account. (*Id.* at 11.)

**III. Discussion**

To prevail on an FDCPA claim, a plaintiff must prove: (1) he is a consumer as defined in the FDCPA; (2) the obligation at issue is a debt as defined in the FDCPA; (3) the defendant is a debt collector as defined in the FDCPA; and (4) the defendant violated a provision of the FDCPA. *Jones v. Bank of Am. N.A.*, No. CV-17-08231-PCT-SMB, 2019 WL 3017612, at *3 (D. Ariz. July 10, 2019); *see* 15 U.S.C. § 1692a(3), (5)-(6). The FDCPA forbids debt collectors from using "any false, deceptive, or misleading representation" in connection with the collection of a debt, 15 U.S.C. § 1692e, including threatening "to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5). Threatening to sue on an unenforceable debt violates § 1692e(5). *Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127, 1133 (9th Cir. 2021).

For purposes of the FDCPA, courts interpret communications from the perspective of the "least sophisticated debtor," who "has below average sophistication or intelligence but possesses a basic level of understanding and willingness to read with care." *Id.* (internal quotation marks omitted). The "least sophisticated debtor" standard "is objective," but "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1989), *as amended*. A threat to take action "need not be express: it can be implied when interpreting a letter as a whole." *Kaiser*, 989 F.3d at 1136 (internal quotation marks omitted). "Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011).

Defendant does not dispute, for purposes of summary judgment, that Plaintiff is a consumer for purposes of the FDCPA, that the debt at issue arose out of a consumer transaction, and that Defendant is a debt collector, such that § 1692e applies to the communications sent to Plaintiff. (Doc. 43 at 6; Doc. 49 at 2 ¶ 6.) However, the parties dispute whether the communications threatened legal action that Defendant could not or did not intend to take. (Docs. 39, 43.)

Plaintiff argues that Defendant's communications threatened legal action and violated § 1692e(5) "[i]f [Defendant] did not intend to sue" or "lacked the ability to sue." (Doc. 39 at 9-10.) Defendant argues that the communications were conditional, truthful, and consistent with Defendant's standard recovery process. (Doc. 43 at 1-2, 5-7, 9-10.) Defendant contends that the letters do not threaten imminent legal action but merely provide information about "a sequence of potential future events." (*Id.* at 7; Doc. 48 at 6-7.) Defendant further argues there is no evidence that Defendant lacked the ability to sue or did not intend to refer Plaintiff's account to an attorney for legal review. (Doc. 43 at 2, 7-11; Doc. 48 at 7-9.)

Plaintiff argues in response to Defendant's Motion for Summary Judgment that Defendant threatened "attorney review and possible litigation while failing to produce the documents that would establish Defendant had the legal ability or actual intent to take the threatened action." (Doc. 51 at 1.) Plaintiff contends that Defendant bears the burden to show "that its threats were truthful and legally grounded" (*id.* at 6), and Plaintiff complains that Defendant has failed to produce documents showing that it owns the debt at issue, has the right to sue, and intended to take the actions threatened with respect to Plaintiff's account (*id.* at 1-6; *see also* Doc. 52 at 4-5 ¶¶ 18, 33.) In reply, Defendant argues that Plaintiff failed to produce evidence showing that Defendant threatened to take action that it could not or did not intend to take; that Plaintiff never alleged in his Complaint or argued in his Motion for Summary Judgment that Defendant lacked ownership of the account at issue or the authority to collect; and that Plaintiff did not move to compel production of any ownership-related documents during discovery. (Doc. 57.)

The Court finds that the least sophisticated debtor could reasonably conclude that Defendant's letters dated May 29, 2024, and July 17, 2024, threatened litigation. The letters state that Defendant "intend[s] to invoke a specific remedy" with respect to Plaintiff's account, then notifies Plaintiff that Defendant is "considering forwarding [his] account to an attorney in [his] state for possible litigation," which "may result in a lawsuit against [him]." (Doc. 41-1 at 57, 63.) Although the language is conditional, neither the letters nor the attached document discussing Defendant's pre-legal/legal process explain or clarify the conditions governing when Defendant will refer an account to an attorney for possible litigation. *See Gonzales*, 660 F.3d at 1063. Under the least sophisticated debtor standard, a debtor could reasonably conclude that the letters threatened suit if the account was not paid.

However, there is no evidence that Defendant could not legally file a lawsuit to collect Plaintiff's account. There is no evidence that a lawsuit would have been time-barred or that the debt was otherwise unenforceable. *Compare Kaiser*, 989 F.3d at 1133. Plaintiff complains that Defendant failed to produce documents showing it owns the account and has the right to collect, but Plaintiff bears the burden of proving his claim. Plaintiff does not identify any discovery requests that he served upon Defendant seeking ownership-related documents. Furthermore, Plaintiff does not allege in his Complaint or argue in his Motion for Summary judgment that Defendant did not own the account at issue or that Defendant did not have the legal right to collect. To the contrary, Plaintiff affirmatively alleges in the Complaint that Defendant purchased the account at issue (Doc. 1 at 6 ¶ 17), and Plaintiff attached to his Motion for Summary Judgment a letter from the original creditor, Capital One, stating that Defendant "is now the owner of [Plaintiff's] account and is responsible for collecting future payments" (Doc. 41-1 at 4).

There is also no evidence that Defendant did not intend to refer Plaintiff's account to an attorney for review and potential litigation. Plaintiff argues that information concerning Defendant's generalized practices is insufficient to "prove that Defendant intended to take the threatened legal action against Plaintiff," and Plaintiff complains that

he is unable "to access information uniquely within Defendant's control." (Doc. 51 at 4, 6.) Again, however, Plaintiff bears the burden of proving his claim. And discovery allows a party to access information uniquely within the other party's control. For example, during discovery, a party may serve on any other party a request to produce documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Plaintiff had a full opportunity to engage in discovery in this case. Plaintiff does not contend—and the docket does not reflect—that Plaintiff moved to compel production of information concerning how Defendant evaluated Plaintiff's account, whether Defendant referred the account to an attorney for review, and whether Defendant considered litigation. Discovery in this case has now closed.

Because Plaintiff identifies no evidence showing that Defendant threatened to take action that it could not legally take or did not intend to take, *see* 15 U.S.C. § 1692e(5), the Court will grant summary judgment in favor of Defendant.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 38) is **denied**, and Defendant's Motion for Summary Judgment (Doc. 43) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendant and close this case.

Dated this 11th day of September, 2026.

Honorable Rosemary Márquez
United States District Judge